### STATE *v.* JAMES EATON.

*Assault with Intent to Kill.   Intent.*

1. When one is charged with assault with intent to kill, the question of *intent* should be left to, and found by, the jury from all the evidence; and, *held*, that the court, in effect, so instructed the jury.
2. The respondent just before the affray told a certain man to go to the house of the assaulted party, near by, and "get his pay, and if he got into a fight with him he would come over and back him" ; *held*, admissible; also, what this man said.
3. It is not necessary that a judge should *accept the language of a proper request.* It It is sufficient if he substantially complies with it.

CASE heard at the April Term, 1878, PIERPOINT, Ch. J., presiding. This was information filed by the State's attorney charging the respondent with an assault with intent to kill and murder. Plea, not guilty ; and trial by jury. The request of the respondent's counsel is stated in the opinion of the court.

State *v.* Eaton.

CHARGE:

Now in reference to this question of *intent*, it is necessary that the intent should be established in order to constitute either killing or murder,—intent to kill or intent to murder. It is necessary that you should be satisfied that he did the act with the intent of taking this man's life in either event. In either event that intent must be established. Well, now, a man's intent in doing an act of that kind cannot ordinarily be established by positive proof, that is, when a man lifts his pistol and aims it at another, even though he intends to take his life, he don't ordinarily say : " I do this act with the intention of taking that man's life." If he was to do it with such a declaration, and that declaration was proved, then you would have direct evidence on the question of intent. But such a case as that would rarely occur. It might. If a man was to say in the act of firing, " I will fire and I will kill you," it would be direct evidence, that he intended to do what he said he would do. Ordinarily, such an act is not committed with the declaration of intention ; but the intention is to be gathered from the manner in which the transaction occurs. If a man, having a loaded pistol in his hand, levels it, or aims it at another and fires, the presumption is, that he intends just what the result would naturally be of the act that he does—that he intends to shoot the man because he does the act—intends to shoot him because he makes the necessary demonstration to that end, and although he may fail in taking of life, in the absence of anything to show the contrary, the man who deliberately levels his pistol loaded and shoots another, the presumption that the jury have a right to draw the inference, which the jury have a right to draw from the act in the absence of anything that tends to explain it, is that he intends the result which would naturally follow from the shooting, that he intends to shoot the man, that he intends to take his life. Whether it is in self-defence, or whether it is with a deliberate purpose of committing murder, or whether it is in the heat of passion, so as to constitute manslaughter, the presumption is that he intends that which his acts necessarily and naturally indicate to be his intent in the absence of any explanation.

One Gordon Burke, a witness for the State, testified that previous to the affray at Goodwin's, the respondent told him to go to Goodwin's house, which was about six rods distant, and in plain view, and get his pay, and if he got into a fight with him he would come over and back him ; which testimony was introduced for the purpose of showing an understanding between respondent

and Burke that the latter should bring on a fight with Goodwin, and respondent would come and back him, and to show premeditation on respondent's part. To the introduction of this testimony respondent objected, but it was admitted, to which respondent excepted.

The court charged the jury that Burke's testimony was testimony tending to show that respondent was present at the place of the affray, to which respondent excepted.

The State introduced as a witness, one Joseph Goodwin, who testified that Burke came into his house and threatened to whip him, and that he would shoot him ; that he had come there to see which was the best man ; that thereupon, Goodwin assaulted him and knocked him down ;. that he knocked him down three times. It was conceded that respondent was not in Goodwin's house during this time.

Respondent objected to the admission of this testimony, but the same was admitted, to which he excepted.

*M. A. Bingham,* for the State.

*S. H. Davis,* for the respondent.

The opinion of the court was delivered by

ROYCE, J. The court was requested to charge the jury that the intent to kill and murder was the gist of the offence, and must be specifically proved, and that the intent could not be found from the act. The first exception taken was to the refusal of the court to charge in accordance with that request. As we understand the charge the request was complied with. It was not necessary that the judge should adopt the language of the request. If he stated correctly to the jury the law as applicable to the subject-matter of the request, the respondent has no legal ground of complaint. It will be seen by the charge that the jury were instructed that to justify a conviction the intent should be established ; that they should be satisfied that he did the act with the intent to take the life of the man whom he was charged with having assaulted, and that the intention was to be gathered from the manner in which the transaction occurred.

State *v.* Eaton.

It is evident that the question of intent was left to the jury upon the evidence, and to be found by them from all the evidence. We are unable to see how it could have been better submitted, or the rights of the respondent more carefully guarded and protected, than they were by the presiding judge in his charge.

The evidence of Burke and Goodwin was admissible, as tending to show that the respondent was at the place where the assault was made, and that it was premeditated.

The judgment is, that the respondent take nothing by his exceptions.